[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-15782
Non-Argument Calendar
_____

D.C. Docket Nos. 8:15-cv-02467-JSM-MAP; 8:09-cr-00434-JSM-MAP-1

CHRISTOPHER FRENCH,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(May 3, 2018)

Before MARTIN, ROSENBAUM, and JILL PRYOR, Circuit Judges.

PER CURIAM:

Christopher French, a federal prisoner proceeding *pro se*, appeals the dismissal of his motion to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255.  We granted a certificate of appealability ("COA") on the issue of whether the district court erred in dismissing as time-barred French's claim that he no longer qualifies as an armed career criminal after the Supreme Court's decision in *Johnson v. United States*, 576 U.S. ___, 135 S. Ct. 2251 (2015).  French argues that the district court erred because his *Johnson*-based motion was timely under 28 U.S.C. § 2255(f)(3).  We agree, and we vacate and remand.

## I.

On January 12, 2010, the district court accepted French's plea of guilty to one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1).  A few months later, French was sentenced under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(1), to the mandatory minimum sentence of fifteen years of imprisonment.

The ACCA requires a prison sentence of no less than fifteen years when a defendant who violates § 922(g) has three or more prior convictions for a "violent felony" or a "serious drug offense."  18 U.S.C. § 924(e)(1).  The ACCA defines the term "violent felony" to include any crime that "involves conduct that presents a serious potential risk of physical injury to another."  *Id.* § 924(e)(2)(B)(ii).  This part of the violent-felony definition is known as the "residual clause."  *See Mays v.*

*United States*, 817 F.3d 728, 730–31 (11th Cir. 2016). The remaining portions of the violent-felony definition are known as the "enumerated clause" and the "elements clause." *Id.* at 731.

French's ACCA sentence was based on four prior convictions for aggravated burglary in Tennessee. *See* Tenn. Code § 39-14-403. French's presentence investigation report ("PSR") designated these convictions as "violent felonies" but did not indicate under which ACCA clause they qualified. Likewise, the district court at sentencing did not indicate upon which clause the ACCA sentence was based. French did not pursue a direct appeal.

On June 26, 2015, the Supreme Court issued the *Johnson* decision, which held that the residual clause of the ACCA is unconstitutionally vague. *Johnson*, 135 S. Ct. at 2563. The Supreme Court went on to hold that *Johnson* is retroactively applicable to cases on collateral review. *Welch v. United States*, 578 U.S. ___, 136 S. Ct. 1257, 1268 (2016).

On October 19, 2015, French filed a *pro se* motion to correct his sentence under 28 U.S.C. § 2255. He argued that his ACCA sentence was invalid in light of *Johnson* and that he "no longer has the qualifying predicates needed to uphold his sentence." He contended that, after *Johnson*, his convictions for aggravated burglary no longer qualified as ACCA predicate offenses. In an attached memorandum, he argued that his prior convictions could not be used to enhance

3

his sentence because they did not qualify under either the enumerated clause or the elements clause. And he asserted that his § 2255 motion was timely because it was filed within one year of *Johnson*.

The district court dismissed French's § 2255 motion, finding that it was not timely because it was not actually based on *Johnson*. The court determined that *Johnson* did not affect French's sentence because his Tennessee convictions for aggravated burglary qualified as ACCA predicates under the "enumerated clause," citing a Sixth Circuit decision issued after French was sentenced in 2010.

French appealed, and this Court granted a COA on the question of whether the district court erred in dismissing French's § 2255 motion as time-barred.

## II.

A district court's determination that a § 2255 motion is time-barred is reviewed *de novo*. *Drury v. United States*, 507 F.3d 1295, 1296 (11th Cir. 2007). We liberally construe the filings of *pro se* parties. *Mederos v. United States*, 218 F.3d 1252, 1254 (11th Cir. 2000).

A § 2255 motion is timely if it is filed within one year of the latest of four possible triggering dates. 28 U.S.C. § 2255(f). The triggering date relevant to this case is "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." *Id.* § 2255(f)(3). It is

4

undisputed that *Johnson* constituted a newly recognized right that has been made to apply retroactively on collateral review. *See Welch*, 136 S. Ct. at 1268. And French's § 2255 motion was clearly filed within a year of *Johnson*.

After the district court's decision in this case, and while French's appeal was pending, a panel of this Court decided *Beeman v. United States*, 871 F.3d 1215 (11th Cir. 2017). *Beeman* involved a § 2255 motion that purported to rely on *Johnson* but was dismissed because the district court found it was actually based on *Descamps v. United States*, 570 U.S. 254 (2013). *Beeman*, 871 F.3d at 1218–19. The *Beeman* panel clarified that a claim based on *Descamps* would not trigger the one-year limitations provision of 28 U.S.C. § 2255(f)(3), but a claim based on *Johnson* would. *Id.* at 1220.

To distinguish between the two types of claims, the panel explained that "[a] *Johnson* claim contends that the defendant was sentenced as an armed career criminal under the residual clause, while a *Descamps* claim asserts that the defendant was incorrectly sentenced . . . under [the other] clause[s]." *Id.* The panel found that Beeman had raised a timely *Johnson* claim because he argued that his offense "historically qualified as an ACCA predicate under the ACCA's residual clause," and because he filed his motion just before the one-year anniversary of the *Johnson* decision. *Id.* at 1220–21 (alteration adopted). The panel then proceeded to consider the merits of the *Johnson* claim. *Id.* at 1221.

5

**III.**

Under § 2255(f)(3), French's § 2255 motion was timely if he "assert[ed] a *Johnson* claim." *Id.* at 1220. And he asserted a *Johnson* claim if he "contend[ed] that [he] was sentenced as an armed career criminal under the residual clause." *Id.* We conclude that he did.

In his § 2255 motion and a supporting memorandum, French made repeated references to *Johnson* and claimed that *Johnson* invalidated his ACCA sentence. He contended that, in light of *Johnson*, he "no longer has the qualifying predicates needed to uphold his sentence." And he asserted that his ACCA sentence could not stand because his prior convictions for aggravated battery did not qualify under either the enumerated clause or the elements clause. Thus, French clearly asserted that *Johnson* affected whether or not he qualified as an armed career criminal, which, when liberally construed, we read as an assertion that he was sentenced based on the residual clause. *See Mederos*, 218 F.3d at 1254. Plus, French specifically asserted that his § 2255 motion was timely because it was filed within one year of *Johnson*, which demonstrates his desire to raise a *Johnson* claim. *See Beeman*, 871 F.3d at 1221.

We disagree with the government that French's motion failed to raise a *Johnson* claim because he did not explicitly assert that his sentence was based on the residual clause. The government essentially faults French for failing to

6

conform his § 2255 motion to *Beeman*.  But *Beeman* was not decided until well after he filed for collateral relief.  And, before *Beeman*, the showing required for a *Johnson* claim in a § 2255 motion was in dispute.  *Compare In re Moore*, 830 F.3d 1268, 1273 (11th Cir. 2016), *with In re Chance*, 831 F.3d 1335, 1339 (11th Cir. 2016).  More broadly, French's failure to expressly invoke the residual clause as the basis for his sentence is not fatal because his motion considered as a whole, with its repeated references to *Johnson*, is reasonably read to advocate that he was sentenced under the residual clause.

We therefore conclude that French's motion was timely because he raised a *Johnson* claim.  That does not end our inquiry, however.  In *Beeman*, after the panel held that the district court erred in finding the motion untimely, it evaluated the merits of the *Johnson* claim because Beeman said the factual record was sufficient to decide his claim.  *See Beeman*, 871 F.3d at 1221.  French makes no similar assertion here.  Instead, he asks that we reverse the district court's untimeliness ruling and remand for the court to address the merits of his claim.

The district court did make a finding that French's prior offenses still qualify as ACCA predicate offenses after *Johnson*.  However, the Sixth Circuit decision the court relied on, *United States v. Priddy*, 808 F.3d 676, 684 (6th Cir. 2015), has since been abrogated by the court sitting *en banc*.  *United States v. Stitt*, 860 F.3d 854 (6th Cir. 2017) (*en banc*) (holding that the Tennessee aggravated burglary

statute is broader than the definition of generic burglary and does not qualify as an ACCA predicate offense).

More importantly, the district court did not have an opportunity to apply the new standard articulated by *Beeman*, which requires a petitioner to show it is more likely than not that he was sentenced solely under the residual clause, *Beeman*, 871 F.3d at 1221–22, which the panel explained is "a historical fact." *Id.* at 1224 n.5. If French cannot make this showing, he is not entitled to relief even though his predicate convictions no longer qualify as violent felonies under current precedent. *See id.* at 1224–25 & n.5.

Because *Beeman* was decided after the district court ruled on French's petition, the parties had no occasion to address its impact and the court did not make the finding of "historical fact" on which French's *Johnson* claim depends. *See id.* We therefore find that a remand is appropriate, notwithstanding the government's claim that French cannot carry his burden under *Beeman*. *See Schumann v. Collier Anesthesia, P.A.*, 803 F.3d 1199, 1203 (11th Cir. 2015) (remanding after this Court adopted a new legal test "[t]o allow the district court to apply this test in the first instance and, if the district court desires, to give the parties an opportunity to further develop the record to address the components of the test"); *see also Whatley v. Warden, Ware State Prison*, 802 F.2d 1205, 1213 (11th Cir. 2015) ("[W]e are a court of appeals.  We do not make fact findings.  We

8

review them for clear error.").  On remand, the district court should consider in the first instance whether French can show, as a historical fact, that he was more likely than not sentenced under the residual clause.  *See Beeman*, 871 F.3d at 1221–22.

**VACATED AND REMANDED.**