COOK, J., delivered the opinion of the court in which COLE, C.J., and BOGGS, BATCHELDER, MOORE, GRIFFIN, WHITE, STRANCH, and DONALD, JJ., joined. BOGGS, J. (pp. 863-71), delivered a separate concurring opinion in which BATCHELDER, MOORE, WHITE, and STRANCH, JJ., joined. WHITE, J. (pp. 871-76), delivered a separate concurring opinion in which BATCHELDER, MOORE, and STRANCH, JJ., joined. SUTTON, J. (pp. 876-81), delivered a separate dissenting opinion in which CLAY, GIBBONS, ROGERS, McKEAGUE, and KETHLEDGE, joined.
OPINION
COOK, Circuit Judge.
In 2007, we held that a conviction under Tennessee’s aggravated-burglary statute, Tenn. Code Ann. § 39-14-403, categorically qualifies as an enumerated “violent felony” that triggers a sentencing enhancement under the Armed Career Criminal Act (“ACCA”), 18 U.S.C. § 924(e). United States v. Nance, 481 F.3d 882, 887 (6th Cir. 2007); see also United States v. Priddy, 808 F.3d 676, 684 (6th Cir. 2015). Several years later, we reached the opposite conclusion about Ohio’s similarly worded burglary statute, Ohio Rev. Code § 2911.12(A)(3). United States v. Coleman, 655 F.3d 480, 482 (6th Cir. 2011), abrogated on other grounds by Johnson v. United States, — U.S. -, 135 S.Ct. 2551, 2563, 192 L.Ed.2d 569 (2015). We resolve this conflict by overruling Nance and holding that a conviction for Tennessee aggravated burglary is not a violent felony for purposes of the ACCA.
I.
During a heated argument in 2011, Victor Stitt tried to shove a loaded handgun into his girlfriend’s mouth while threatening to kill her. When a neighbor called the police, Stitt fled to his mother’s home, where he surrendered to authorities after a brief foot chase. Detectives recovered the gun lying on the ground within his reach.
A jury found Stitt guilty of possessing a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g). Due to his nine prior “violent felony” convictions—including six for Tennessee aggravated burglary—the court designated Stitt an armed career criminal under the ACCA and sentenced him to 290 months’ imprisonment.
On appeal, Stitt argued that none of his nine convictions qualify as violent felonies. The government conceded that Johnson v. United States invalidated the violent-felony status of three of his prior offenses, leaving only his six aggravated-burglary convictions at issue. See 135 S.Ct. at 2563. Bound by Nance—which held that Tennessee aggravated burglary fits the Supreme Court’s definition of “generic burglary”— we affirmed his sentence. United States v. Stitt, 637 Fed.Appx. 927, 931-32 (6th Cir. 2016).
Stitt comes before us now on a petition for rehearing en banc, which we granted to resolve whether a conviction for Tennessee aggravated burglary constitutes a violent felony under the ACCA. United States v. Stitt, 646 Fed.Appx. 454 (6th Cir. *857 2016). Because we conclude that Tennessee’s aggravated-burglary statute is broader than the definition of generic burglary, we hold that a conviction under the statute does not qualify as an ACCA predicate offense.
II.
The ACCA imposes a fifteen-year minimum sentence on any defendant who, having been convicted of three prior “violent felonies,” is found guilty of being in possession of a firearm. See 18 U.S.C. §§ 922(g), 924(e). Although the ACCA enumerates burglary as one of several “violent felonies” that can lead to the fifteen-year minimum, see § 924(e) (2) (B) (ii), not every conviction labeled as “burglary” under state law qualifies as a violent felony. Taylor v. United States, 495 U.S. 575, 590-92, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990). Instead, Congress intended to encompass only those convictions arising from burglary statutes that conform to, or are narrower than, the “generic” definition of burglary. Id. at 598,110 S.Ct. 2143.
To determine whether Stitt’s aggravated-burglary convictions qualify, we apply the “categorical approach.” Descamps v. United States, — U.S.-, 133 S.Ct. 2276, 2281, 186 L.Ed.2d 438 (2013). Under this approach, we compare the statutory elements of Tennessee aggravated burglary to the elements of “generic burglary.” See id. If the elements of Tennessee aggravated burglary “are the same as, or narrower than, those of [generic burglary,]” Stitt’s convictions count as violent felonies under the ACCA. Id.
A. Applying the Categorical Approach
Tennessee defines aggravated burglary as the “burglary of a habitation,” Tenn. Code Ann. § 39-14-403, and defines “habitation” as “any structure ... which is designed or adapted for the overnight accommodation of persons,” id. § 39-14-401(1)(A). The term “habitation” includes “mobile homes, trailers, and tents,” as well as any “self-propelled vehicle that is designed or adapted for the overnight accommodation of persons and is actually occupied at the time of initial entry by the defendant.” Id.
By contrast, the Supreme Court has determined that under the ACCA, “generic burglary” means “an unlawful or unprivileged entry into, or remaining in, a building or other structure, with intent to commit a crime.” Taylor, 495 U.S. at 598, 110 S.Ct. 2143. Although the Court left “building or other structure” undefined, it has confirmed repeatedly that vehicles and movable enclosures (e.g., railroad cars, tents, and booths) fall outside the definitional sweep of “building or other structure.” See id. at 599, 110 S.Ct. 2143; Mathis v. United States, — U.S. -, 136 S.Ct. 2243, 2250, 195 L.Ed.2d 604 (2016) (explaining that Iowa’s burglary statute “covers more conduct than generic burglary” because it “reaches a broader range of places: ‘any building, structure, [or] land, water, or air vehicle.’ ” (alteration in original) (citations omitted)); Nijhawan v. Holder, 557 U.S. 29, 35, 129 S.Ct. 2294, 174 L.Ed.2d 22 (2009) (differentiating between breaking into a “vessel,” which would not qualify as generic burglary, and “breaking into a building,” which would); Gonzales v. Duenas-Alvarez, 549 U.S. 183, 186-87, 127 S.Ct. 815, 166 L.Ed.2d 683 (2007) (noting that Massachusetts defines burglary to include breaking into a vehicle, “which falls outside the generic definition of ‘burglary,’ for a car is not a ‘building or structure’ ” (citations omitted)); Shepard v. United States, 544 U.S. 13, 15-16, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005) (“The [ACCA] makes burglary a violent felony only if committed in a building or enclosed space ..., not in a boat or motor vehicle.”).
*858 By including “mobile homes, trailers, and tents,” as well as any “self-propelled vehicle,” Tennessee’s aggravated-burglary statute includes exactly the kinds of vehicles and movable enclosures that the Court excludes from generic burglary. But the statute comes with a wrinkle: it criminalizes the unauthorized entry into vehicles and movable enclosures (with criminal intent) only if they are “designed or adapted for the overnight accommodation of persons.” Tenn. Code Ann. § 39-14-401(1). In other words, it restricts the ambit of the statute to only those vehicles and movable enclosures that are habitable.
The issue before us, then, is whether a burglary statute that covers vehicles or movable enclosures only if they are habitable fits within the bounds of generic burglary. We hold that it does not. Our reading of Taylor and its progeny supports this conclusion.
To start, Taylor emphasizes a place’s form and nature—not its intended use or purpose—when determining whether a burglary statute’s locational element is a “building or other structure.” Taylor, 495 U.S. at 598, 110 S.Ct. 2143; United States v. Rainer, 616 F.3d 1212, 1215 (11th Cir. 2010) (“The definitional focus [of generic burglary] is on the nature of the property or place, not on the nature of its use at the time of the crime.”), abrogated on other grounds as recognized by United States v. Howard, 742 F.3d 1334, 1344-45 (11th Cir. 2014); United States v. White, 836 F.3d 437, 445-46 (4th Cir. 2016) (finding it “immaterial” to the categorical approach that West Virginia’s burglary statute confines coverage to vehicles “primarily designed for human habitation”).
Additionally, throughout Taylor, the Court repeatedly distinguishes vehicles and the like from “building[s] and other structure^].” 495 U.S. at 598, 110 S.Ct. 2143. It begins by offering California common law and Texas’s burglary statute— both of which criminalize the unauthorized entry of vehicles—as examples of overly broad burglary definitions. Id. at 591, 110 S.Ct. 2143 (describing California burglary as “so broadly [defined] as to include shoplifting and theft of goods from a ‘locked’ but unoccupied automobile” and Texas burglary as “including] theft from [an] ... automobile”). The Taylor Court then explains that because they “includ[e] places, such as automobiles,” they define crimes falling outside the generic definition of burglary. Id. at 599, 110 S.Ct. 2143 (emphasis added). Similarly, in its discussion of Taylor’s prior burglary convictions, the Court recognized that Missouri’s second-degree burglary statute was broader than generic burglary because it included “breaking and entering ‘any booth or tent, or any boat or vessel, or railroad ear.’ ” Id. (citations omitted).
Finally, the Supreme Court has held fast to the distinction between vehicles and movable enclosures versus buildings and structures in every single post-Taylor decision. See Mathis, 136 S.Ct. at 2250[1]; Nijhawan, 557 U.S. at 35, 129 S.Ct. 2294; Duenas-Alvarez, 549 U.S. at 186-87, 127 S.Ct. 815; Shepard, 544 U.S. at 15-16, 125 S.Ct. 1254. The Court’s adherence to this distinction over the course of nearly thirty years persuades us that the Court meant exactly what it said: vehicles and movable enclosures fall outside the scope of generic burglary. See Mathis, 136 S.Ct. at 2254 *859 (“[A] good rule of thumb for reading our decisions is that what they say and what they mean are one and the same.”).
B. The Government’s Response
The government disputes our reading of Taylor, offering two arguments to broaden “building or other structure” so as to encompass anything “habitable,” even if movable or temporary. Neither argument persuades us.
First, latching onto the Taylor Court’s statement “that Congress meant by ‘burglary’ the generic sense in which the term is now used in the criminal codes of most states,” 495 U.S. at 598,110 S.Ct. 2143, the government conducts its own fifty-state survey of the burglary statutes in effect at the time the Court decided Taylor. It concludes that (a) the overwhelming majority of states included vehicles and movable enclosures in their burglary statutes, and (b) a little more than half the states’ burglary statutes specifically “covered movable structures adapted for specific purposes such as overnight accommodation, business, or education.” This, the government asserts, shows that the Taylor Court meant to include such “movable structures” under “buildings or other structures.”
Second, the government argues that because the Model Penal Code’s (“MPC”) burglary definition—which includes occupied structures—“served as the basis” for the Taylor Court’s definition of generic burglary, the Court intended to include occupied structures under the phrase “building or other structure.” The government hangs its entire argument on a single footnote in which the Court explains that the generic definition of burglary “approximates that adopted by the drafters of the [MPC].” Id. at 598 n.8, 110 S.Ct. 2143.
Both the government’s arguments suffer from the same problem: they ignore the Court’s clear and unambiguous language that “building or other structure” excludes all things mobile or transitory. Indeed, the government focuses its arguments not on interpreting the words the Court chose to define generic burglary, but on divining Congress’s intent from the MPC and state statutes. Given the Court’s statement that burglary statutes that “includ[e] places, such as automobiles” fall outside the scope of generic burglary—and its steadfast repetition of similar language in later cases— we find the government’s arguments unavailing. Id. at 599,110 S.Ct. 2143.
Moreover, even if we accept the government’s invitation to focus on the Taylor Court’s own determination of congressional intent, its arguments still fail. To understand why, start with the question addressed in Taylor: how should the Court define “burglary” under the ACCA when the statute supplies no definition? Id. at 577, 110 S.Ct. 2143. In answering the question, the Court drew on three sources: (1) a definition of “burglary” from a prior version of the ACCA, (2) the MPC, and (3) a general sense of burglary derived from a prominent criminal law treatise. We too review these three sources.
When Congress enacted the ACCA in 1984, it defined burglary as “any felony consisting of entering or remaining surreptitiously within a building that is property of another with intent to engage in conduct constituting a Federal or State offense.” Id. at 581,110 S.Ct. 2143 (emphasis added) (quoting 18 U.S.C. § 1202(c)(9) (1984)). Congress’s choice of “building” necessarily excluded anything movable.
Congress left out this 1984 definition of burglary when it amended the ACCA in 1986. But in formulating a replacement, the Court hewed closely to the 1984 definition because it believed Congress intended to retain the original definition’s substance. It observed that “nothing in the [legislative] history [suggested] that Congress intended in 1986 to replace the 1984 *860 ‘generic’ definition of burglary with something entirely different.”[2] Id. at 590, 598, 110 S.Ct. 2143. The Court therefore settled on a definition of generic burglary that “[wa]s practically identical to the” one Congress had provided in 1984 (which excluded vehicles and movable enclosures). Id. at 598,110 S.Ct. 2143.
The Court’s definitional emphasis on “the nature of the property or place” becomes more apparent when contrasting generic burglary with the MPC’s burglary definition. Rainer, 616 F.3d at 1215. The MPC reads: “[a] person is guilty of burglary if he enters a building or occupied structure, or separately secured or occupied portion thereof, with purpose to commit a crime therein, unless ... the actor is licensed or privileged to enter.” Taylor, 495 U.S. at 598 n.8, 110 S.Ct. 2143 (emphasis added) (quoting American Law Institute, Model Penal Code § 221.1 (1980)). The Taylor Court could have adopted the MPC’s language of “building or occupied structure.” See id. (emphasis added). Instead, it omitted “occupied,” signaling that for the locational element, a place’s form— rather than its adaptation for habitability—marks the dividing line between generic and non-generic burglary. See id. at 598,110 S.Ct. 2143.
Finally, the Court sought to craft a definition of generic burglary that captured the elements common to state burglary statutes.[3] To help distill those elements, the Court turned to the 1986 edition of Wayne LaFave’s classic treatise, Substantive Criminal Law. See Taylor, 495 U.S. at 598, 110 S.Ct. 2143; see also United States v. Grisel, 488 F.3d 844, 848-49 (9th Cir. 2007) (en banc). Regarding the locational element, LaFave found that “[mjodern statutes ... typically describe the place as a ‘building’ or ‘structure,’ ” but that some “also extend to still other places, such as all or some types of vehicles.” Wayne R. LaFave & Austin W. Scott, Jr., Substantive Criminal Law § 8.13(e) (1986) (emphasis added). Clearly, LaFave viewed buildings and structures as distinct from “vehicles.” And the Court, in turn, adopted the same “typical” locational element— “building” or “structure”—used by states while omitting any reference to vehicles, suggesting that it, like LaFave, saw vehicles as distinct from structures.
In sum, the Taylor Court’s consultation of the three sources—particularly its rejection of the MPC’s “occupied structure” and its adoption of LaFave’s description of the locational element—refutes the government’s argument that we should interpret “building and other structure” in strict conformance with the MPC and the government’s fifty-state survey. See Grisel, 488 F.3d at 849 (“[TJhe Supreme Court in Taylor defined burglary using a generic definition that we are bound to obey even if we think that the definition is deficient.”). Accordingly, we reject the view that a state burglary statute that limits its scope to only those vehicles and movable enclosures that are habitable fits under the generic definition of burglary.
C. Nance
Our conclusion that Tennessee’s aggravated-burglary statute sweeps more broad *861 ly than generic burglary conflicts with our decision in Nance, which held that the statute matches the ACCA’s definition of generic burglary.[4]481 F.3d at 888. We now overrule Nance.
In Nance, we correctly stated that Tennessee “[a]ggravated burglary occurs when an individual enters a habitation “without the effective consent of the property owner’ and, ... intends to commit a felony.” Id. (alteration and omission in original) (quoting United States v. Sawyers, 409 F.3d 732, 737 (6th Cir. 2005)). We neglected, however, to scrutinize the statutory definition of “habitation,” which includes vehicles, tents, and other movable enclosures. See Tenn. Code Ann. § 39-14-401(1). We compounded this error by comparing the elements of Tennessee’s aggravated-burglary statute to the following truncated definition of generic burglary: a burglary “committed in a building or enclosed space.” Nance, 481 F.3d at 888 (quoting Shepard, 544 U.S. at 16, 125 S.Ct. 1254). But the full definition from Shepard states that the ACCA “makes burglary a violent felony only if committed in a building or enclosed space ... not in a boat or motor vehicle.” 544 U.S. at 15-16, 125 S.Ct. 1254 (emphasis added). As a result of comparing an incomplete definition of Tennessee aggravated burglary to an incomplete definition of generic burglary, we incorrectly concluded that a “habitation” is a “building or enclosed space” and that a conviction for Tennessee aggravated-burglary therefore constituted a violent felony. Nance, 481 F.3d at 888.
We were not alone in shortcutting the categorical-approach analysis. At least two other circuits committed the same error of looking at the statutory elements of burglary statutes without considering the definition of key terms such as “occupied structure” or “habitation.” See United States v. Field, 39 F.3d 15, 20 (1st Cir. 1994); United States v. Silva, 957 F.2d 157, 162 (5th Cir. 1992).
Where courts have accounted for these statutory definitions, most have held that statutes criminalizing the burglary of vehicles and movable enclosures, even where limited to “habitations” or “occupied structures,” fall outside the generic definition of burglary. Compare White, 836 F.3d at 446; United States v. Bess, 655 Fed.Appx. 518, 519 (8th Cir. 2016) (per curiam); Coleman, 655 F.3d at 482; Rainer, 616 F.3d at 1215; Grisel, 488 F.3d at 851; United States v. Bennett, 100 F.3d 1105, 1109 (3d Cir. 1996), with United States v. Spring, 80 F.3d 1450, 1462 (10th Cir. 1996).[5]
In short, we overrule Nance because that case misapplied the categorical approach. As explained above, a violation of Tennessee’s aggravated-burglary statute is not categorically a violent felony.
III.
Our conclusion that a conviction under Tennessee’s aggravated-burglary statute does not categorically qualify as a violent felony does not end our inquiry. Even if a state burglary statute criminalizes more conduct than generic burglary, it may do so by listing multiple elements in the alternative, thus setting forth different crimes, and one or more of those crimes might match the definition of generic bur *862 glary. Mathis, 136 S.Ct. at 2248-49 (citing Shepard, 544 U.S. at 26, 125 S.Ct. 1254). If the statute does list alternative elements, we apply the “modified” categorical approach to establish which of the alternative crimes forms the basis of the defendant’s conviction.
Here, both parties agree that “the definition of habitation is indivisible”—that is, it lays out alternative means to fulfilling a single element rather than alternative elements. See id. at 2251 n.l (abrogating United States v. Ozier, 796 F.3d 597 (6th Cir. 2015)). Our review confirms that Tennessee’s aggravated-burglary statute is indivisible.
To determine a statute’s divisibility, we look first at the language of the statute and state-court decisions; if neither source provides a definitive answer, we turn to the record of conviction. See id. at 2249, 2256; see also United States v. Ritchey, 840 F.3d 310, 317-18 (6th Cir. 2016). If we still cannot discern whether a statute presents elements or means, the statute is indivisible. Mathis, 136 S.Ct. at 2257.
The Mathis Court explained that a statute is indivisible when it lists examples to clarify a term, as opposed to listing alternative elements to define multiple crimes. Id. The Court offered two cases that examined statutes deemed indivisible because they listed “illustrative examples” of various means to fulfilling a single element. Id. at 2256. One of those cases—Howard, 742 F.3d at 1348—guides our analysis here.
In Howard, the Eleventh Circuit reviewed Alabama’s third-degree burglary statute, which defined building as “[a]ny structure which may be entered and utilized by persons for business, public use, lodging or the storage of goods.” 742 F.3d at 1348 (alteration in original) (quoting Ala. Code § 13A-7-l(2) (1979)). According to the statutory definition in force at the time, “structure ... includes any vehicle, aircraft or watercraft used for the lodging of persons or carrying on business therein” and also “includes any railroad box car or other rail equipment or trailer or tractor trailer or combination thereof.” Id. (quoting Ala. Code § 13A-7-l(2) (1979)). Because “[t]he items that follow each use of the word ‘includes’ in the statute are non-exhaustive examples,” the Eleventh Circuit held that Alabama’s third-degree burglary statute delineated means rather than elements, rendering the statute indivisible. Id.
Tennessee’s aggravated-burglary statute follows the pattern of Alabama’s third-degree burglary statute to a tee. It defines “habitation” as “any structure ... which is designed or adapted for the overnight accommodation of persons.” Tenn. Code Ann. § 39-14-401(l)(A). Tennessee’s definition of habitation “includ[es] ... mobile homes, trailers, and tents”; it also “[ijncludes a self-propelled vehicle that is designed or adapted for the overnight accommodation of persons.” Id. § 39-14-401(l)(B) (emphasis added). This non-exhaustive list of “illustrative examples” therefore sets forth means rather than elements. Additionally, our review of the case law reveals no decision suggesting otherwise. As such, Tennessee’s aggravated-burglary statute is indivisible, thereby foreclosing application of the modified categorical approach.
IY.
Because Tennessee’s aggravated-burglary statute is both broader than generic burglary under the categorical approach and indivisible, a conviction under the statute does not count as a violent felony under the ACCA.[6] We therefore RE *863 VERSE and REMAND for resentencing consistent with this opinion.

. Like the Tennessee statute at issue here, Iowa’s burglary statute limited its scope to vehicles "adapted for overnight accommodation of persons, or occupied by persons for the purpose of carrying on business or other activity.” Iowa Code § 702.12 (2013). Nonetheless, the Mathis Court explained that Iowa's burglary statute did not categorically qualify as generic burglary because it criminalized the entry of "land, water, or air vehicle[s].” See Mathis, 136 S.Ct. at 2250.

. The Court even suggested that "the deletion of the 1984 definition of burglary may have been an inadvertent casualty of a complex drafting process.” Id. at 589-90, 110 S.Ct. 2143.

. “Although the exact formulations vary [for each state], the generic, contemporary meaning of burglary contains at least the following elements: an unlawful or unprivileged entry into, or remaining in, a building or other structure, with intent to commit a crime. See LaFave & Scott supra, n.3 ... § 8.13(c), p. 471 (modern statutes 'typically describe the place as a "building” or "structure”’)....” Taylor, 495 U.S. at 598, 110 S.Ct. 2143 (emphasis added) (footnote omitted).

. Bound by the precedent set in Nance, we held in Priddy that a defendant’s conviction for Tennessee aggravated burglary qualified as a violent felony. 808 F.3d at 684. Priddy did not expand further on Nance’s reasoning.

. The dissent rejects the way we count the circuits, arguing that the circuit split is actually more or less even. (Dissent Op. at 880-81.) But the dissent’s own count misleads— two of the three cases it claims in its column shortcut the categorical-approach analysis. See Nance, 481 F.3d at 888; Silva, 957 F.2d at 162. And it fails to recognize Grisel—which falls in our column—as the controlling precedent in the Ninth Circuit.

. Stitt also argues that Tennessee's aggravated-burglary statute lacks the requisite mens rea to qualify as generic burglary. Because we hold that his conviction does not qualify as generic burglary based on the underlying stat *863 ute's inclusion of vehicles and movable enclosures, we need not address this argument.