**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 18a0153n.06

**No. 16-5669**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

BILLY CHAD REESE,

      Petitioner-Appellant,

v.

UNITED STATES OF AMERICA,

      Respondent-Appellee.

**FILED**
Mar 22, 2018
DEBORAH S. HUNT, Clerk

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TENNESSEE

**BEFORE:**    **CLAY, STRANCH, and LARSEN, Circuit Judges.**

**CLAY, Circuit Judge.** Petitioner Billy Chad Reese appeals the district court's denial of his 28 U.S.C. § 2255 motion, which challenged the sentencing enhancement he received under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). For the reasons set forth below, we **VACATE** the district court's denial of Reese's § 2255 motion and **REMAND** with instructions to resentence Reese without the ACCA enhancement.

**FACTUAL AND PROCEDURAL HISTORY**

From May 2010 to January 2011, Reese stole credit and debit cards from vehicles parked in national parks, using the cards to buy merchandise at convenience stores. In March 2011, law enforcement officers executed search warrants at the residences of Reese and his mother. The officers found items that had been stolen from the vehicles, as well as firearms.

Reese subsequently pleaded guilty to using an unauthorized access device and obtaining over $1,000 during a one-year period, in violation of 18 U.S.C. § 1029(a)(2), and to possessing a firearm as a felon, in violation of 18 U.S.C. § 922(g)(1). At sentencing, the district court determined that Reese was a career criminal under the ACCA, due to his seven prior Tennessee convictions for aggravated burglary under Tenn. Code Ann. § 39-14-403.[1] Although the ACCA enhancement triggered a 15-year mandatory minimum sentence on the § 922(g) count, *see* 18 U.S.C. § 924(e)(1), the government moved for a downward departure pursuant to 18 U.S.C. § 3553(e). That provision authorizes a sentence below the mandatory minimum if the defendant provided "substantial assistance in the investigation or prosecution of another person who has committed an offense." 18 U.S.C. § 3553(e). The district court granted the government's motion for a downward departure, sentencing Reese to 132 months' imprisonment on the § 922(g) count and to 120 months' imprisonment on the § 1029(a)(2) count, with the sentences running concurrently. Without the ACCA enhancement, the statutory maximum sentence on the § 922(g) count would have been 10 years' imprisonment. *See* 18 U.S.C. § 924(a)(2).

In 2013, Reese filed a § 2255 motion in the district court to vacate or set aside his conviction and sentence. He later amended his motion, raising the only claim relevant to this appeal: that his ACCA enhancement was invalid in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015), which held the ACCA's residual clause void for vagueness.

---

[1] A defendant qualifies as a career criminal under the ACCA if, as relevant here, the defendant has three or more convictions for a "violent felony." 18 U.S.C. § 924(e)(1). A "violent felony" is defined as "any crime punishable by imprisonment for a term exceeding one year" that (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another" (the "use-of-force clause"); (2) "is burglary, arson, or extortion, involves use of explosives" (the "enumerated-offense clause"); or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another" (the "residual clause"). § 924(e)(2)(B).

In March 2016, the district court denied Reese's § 2255 motion, rejecting Reese's argument that he was not a career criminal under the ACCA. *See Reese v. United States*, No. 11-cr-36, 2016 WL 1050719, at *5–6 (E.D. Tenn. Mar. 16, 2016). The district court cited *United States v. Nance*, 481 F.3d 882 (6th Cir. 2007), where this Court held that Tennessee aggravated burglary qualifies as an ACCA predicate under the ACCA's enumerated-offense clause, which was not affected by *Johnson.*

In December 2016, this Court granted Reese a certificate of appealability on the ACCA issue. While Reese's appeal was pending, this Court sitting en banc decided *United States v. Stitt*, 860 F.3d 854 (6th Cir. 2017) (en banc), overruling *Nance* and holding that "a conviction for Tennessee aggravated burglary is not a violent felony for purposes of the ACCA." 860 F.3d at 856. In light of *Stitt*, Reese and the government agree that Reese is not a career criminal under the ACCA, and that he should be resentenced without the ACCA enhancement. (*See* Petr.'s Br. at 16 ("Because his prior convictions cannot be considered predicate offenses under either the enumerated or residual clause of ACCA, Mr. Reese's . . . sentence is outside of the statutory limits. Mr. Reese is entitled to relief under 28 U.S.C. § 2255, and he requests resentencing."); Gov't Br. at 12 ("In light of *Stitt*, this Court should vacate the denial of petitioner's § 2255 motion and remand to the district court with instructions to modify petitioner's sentence so that it does not exceed the non-ACCA statutory maximum now applicable to him.")).

## DISCUSSION

### Standard of Review

"We review de novo the district court's denial of a motion to vacate under 28 U.S.C. § 2255, but review the district court's factual findings only for clear error." *Campbell v. United States*, 686 F.3d 353, 357 (6th Cir. 2012). We review "*de novo* a district court's determination

regarding whether a prior conviction constitutes a 'violent felony' under the ACCA." *Braden v. United States*, 817 F.3d 926, 930 (6th Cir. 2016) (quotation marks and citation omitted).

## Analysis

Under *Stitt*, Reese's convictions for Tennessee aggravated burglary cannot serve as ACCA predicates. *See* 860 F.3d at 856 ("[A] conviction for Tennessee aggravated burglary is not a violent felony for purposes of the ACCA."). Accordingly, we agree with the parties that Reese is not a career criminal under the ACCA and that he should be resentenced without the ACCA enhancement.

## CONCLUSION

For the foregoing reasons, we **VACATE** the district court's denial of Reese's § 2255 motion and **REMAND** with instructions to resentence Reese without the ACCA enhancement.[2]

---

[2] Reese has moved to expedite this appeal. We deny that motion as moot.