NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 18a0339n.06

No. 17-6064

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **FILED** |
| | ) | Jul 12, 2018 |
| Plaintiff-Appellee, | ) | DEBORAH S. HUNT, Clerk |
| | ) | |
| v. | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| DERRICK FRAZIER, | ) | COURT FOR THE WESTERN |
| | ) | DISTRICT OF TENNESSEE |
| Defendant-Appellant. | ) | |
| | ) | |
| | ) | |

Before: COLE, Chief Judge; SUTTON and LARSEN, Circuit Judges.

LARSEN, Circuit Judge. Derrick Frazier pleaded guilty to being a felon in possession of a firearm. The district court sentenced him as a career offender under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e). Frazier appealed. Because the district court correctly determined that Frazier had three prior convictions that qualify as violent felonies under ACCA, we AFFIRM.

I.

Frazier pleaded guilty, without a plea agreement, to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). Frazier had several prior convictions, including two for robbery, in violation of Tenn. Code Ann. § 39-13-401(a), and one for burglary, in violation of Tenn. Code Ann. § 39-14-402(a). Based on those three prior convictions, Frazier's Presentence

Investigation Report (PSIR) recommended that he be sentenced as a career offender under ACCA. The district court agreed and sentenced Frazier to 180 months' imprisonment.

## II.

As a preliminary matter, the United States argues that Frazier waived any challenge to his career-offender status by conceding before the district court that his prior convictions qualified as violent felonies. When a party waives a legal right, there is no error for an appellate court to review. *See United States v. Ruiz*, 777 F.3d 315, 320–21 (6th Cir. 2015) ("Waived claims 'are not reviewable' on appeal. . . . '[A]n attorney cannot agree in open court with a judge's proposed course of conduct and then charge the court with error in following that course.'" (quoting *United States v. Aparco-Centeno*, 280 F.3d 1084, 1088 (6th Cir. 2002))). Alternatively, the government says that Frazier forfeited any objection to the career-offender determination by failing to object to that determination in the district court such that we should review the district court's decision for plain error. *See United States v. Vonner*, 516 F.3d 382, 385–86 (6th Cir. 2008) (en banc). The record here indicates that, although Frazier's attorney stated that he agreed with the district court's view of the published decisions from this court, he still noted the defendant's objections to the district court's determination that the prior convictions qualified as ACCA predicates. In the circumstances of this case, we believe this was sufficient to preserve the defendant's objections for appeal. And, in any event, we must affirm the defendant's sentence, even under a de novo standard of review.

## III.

ACCA provides a fifteen-year mandatory minimum sentence for any person who is convicted of being a felon in possession of a firearm and has three prior convictions for a "violent felony." 18 U.S.C. § 924(e)(1). It defines a violent felony as any felony that "has as an element

the use, attempted use, or threatened use of physical force against the person of another" (the elements clause) or is "burglary, arson, or extortion," or "involves use of explosives" (the enumerated clause). *Id.* § 924(e)(2)(B). Frazier's PSIR said, and the district court found, that the defendant had three qualifying prior convictions under Tennessee law: two for robbery and one for burglary.

*Tennessee Robbery.* Robbery is not an offense listed in ACCA's enumerated clause; so, if Tennessee robbery qualifies as a violent felony, it must be under the elements clause. "To figure out whether a crime meets the elements clause, we look to the statutory definition of the state offense rather than the underlying facts of the conviction," which is "known as the categorical approach." *Perez v. United States*, 885 F.3d 984, 987 (6th Cir. 2018). Tennessee defines robbery as "the intentional or knowing theft of property from the person of another by violence or putting the person in fear." Tenn. Code Ann. § 39-13-401(a). The Tennessee Supreme Court has said that "violence" under the robbery statute means "physical force that is unlawfully exercised or exerted so as to injure, damage[,] or abuse," *State v. Fitz*, 19 S.W.3d 213, 215 (Tenn. 2000), and that "fear constituting an element of robbery is a fear of bodily injury and of present personal peril from violence offered or impending," *State v. Taylor*, 771 S.W.2d 387, 398 (Tenn. 1989). Based on the Tennessee Supreme Court's decisions construing the robbery statute, we have held that robbery under Tenn. Code Ann. § 39-13-401 "is categorically a 'violent felony' under [the elements clause] of the ACCA." *United States v. Mitchell*, 743 F.3d 1054, 1060 (6th Cir. 2014); *see United States v. Southers*, 866 F.3d 364, 366–69 (6th Cir. 2017); *United States v. Taylor*, 800 F.3d 701, 717–19 (6th Cir. 2015).

Nonetheless, Frazier argues that his two prior convictions under that statute do not qualify as violent felonies because they involved mere purse snatchings, one of which he says was not

from the person of another, and neither of which involved physical force. But Frazier's arguments about the facts of his particular convictions, if true, go not to the validity of his federal sentence, which is determined categorically, but to the propriety of his state convictions. And it is clear that a federal sentencing court applying an ACCA enhancement does not have the authority to question the validity of a prior state conviction. *See Custis v. United States*, 511 U.S. 485, 497 (1994). Frazier's assertion that his crimes did not involve at least the threat of force under ACCA might also be taken to suggest that his case disproves the rule of *Mitchell*, *Southers*, and *Taylor*. But, if that is his argument, he has provided no facts to support it, and we would, of course, be bound to apply our precedent in any event. *See Salmi v. Sec'y of Health & Human Servs.*, 774 F.2d 685, 689 (6th Cir. 1985). Frazier's two prior convictions for Tennessee robbery, therefore, qualify as violent felonies under ACCA's elements clause.

*Tennessee Burglary.* Frazier contests the district court's characterization of his third prior conviction as one for burglary. Based on paragraph 35 of the PSIR, Frazier argues that he was convicted of *aggravated* burglary under Tenn. Code Ann. § 39-14-403, rather than burglary under Tenn. Code Ann. § 39-14-402. This matters because, as Frazier notes, we have held that Tennessee aggravated burglary is not a violent felony under ACCA's enumerated clause because it does not fit the generic definition of burglary under *Taylor v. United States*, 495 U.S. 575, 598–99 (1990). *See United States v. Stitt*, 860 F.3d 854, 856–58 (6th Cir. 2017) (en banc), *cert. granted*, 138 S. Ct. 1592 (2018) (mem.). But paragraph 35 lists Frazier's prior conviction as "Aggravated Burglary amended to *Burglary of a Building*." And the other record evidence before us clearly shows that Frazier was convicted of burglary.

Under Tenn. Code Ann. § 39-14-402(a), a person commits burglary when, "without the effective consent of the property owner," he:

(1) Enters a building other than a habitation (or any portion thereof) not open to the public, with intent to commit a felony, theft or assault;

(2) Remains concealed, with the intent to commit a felony, theft or assault, in a building;

(3) Enters a building and commits or attempts to commit a felony, theft or assault; or

(4) Enters any freight or passenger car, automobile, truck, trailer, boat, airplane or other motor vehicle with intent to commit a felony, theft or assault or commits or attempts to commit a felony, theft or assault.

Subsections (a)(1), (a)(2), and (a)(3) are Class D felonies, while subsection (a)(4) is a Class E felony. Tenn. Code Ann. §§ 39-14-402(c), (d). Frazier was convicted of a Class D felony under Tenn. Code Ann. § 39-14-402(a), not of aggravated burglary under Tenn. Code Ann. § 39-14-403, which is a Class C felony. The record is clear, then, that Frazier's third prior conviction was for burglary under one of the first three subsections of § 39-14-402(a).

We have said, and Frazier does not dispute, that § 39-14-402(a) is a divisible statute and "that the first three variants"—the Class D felonies—"qualify as generic burglary," such that a conviction under those subsections is a violent felony under ACCA's enumerated clause. *United States v. Priddy*, 808 F.3d 676, 684–85 (6th Cir. 2015), *abrogated on other grounds by Stitt*, 860 F.3d at 856; *see United States v. Ferguson*, 868 F.3d 514, 515–16 (6th Cir. 2017) (noting that "[n]othing in *Stitt* . . . undermined *Priddy*'s holding on burglary"). Therefore, Frazier's third prior conviction qualifies as a violent felony under ACCA.

* * *

Because the district court correctly determined that Frazier had three prior convictions for violent felonies under ACCA and sentenced him accordingly, we AFFIRM its judgment.