NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 19a0310n.06

Case Nos. 17-6513/6514

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

THOMAS EDWARD LEE,

    Petitioner-Appellee,

v.

UNITED STATES OF AMERICA,

    Respondent-Appellant.

UNITED STATES OF AMERICA,

    Plaintiff-Appellant,

v.

THOMAS EDWARD LEE,

    Defendant-Appellee.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

**FILED**
Jun 18, 2019
DEBORAH S. HUNT, Clerk

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE

BEFORE: SUTTON, GRIFFIN, and READLER, Circuit Judges.

SUTTON, Circuit Judge. In 2010, Thomas Lee pleaded guilty to being a felon in possession, in violation of 18 U.S.C. § 922(g)(1). Based on three prior Tennessee aggravated burglary convictions, the parties noted in the plea agreement that Lee had three prior violent felony convictions and, as an armed career criminal under 18 U.S.C. § 924(e), should be sentenced to 188 months in prison. The district court accepted the agreement and imposed the 188-month sentence.

In *Johnson v. United States*, the Supreme Court held that the residual clause of the Armed Career Criminal Act violates due process. 135 S. Ct. 2551, 2563 (2015). Relying on *Johnson*, Lee filed this § 2255 motion, arguing that his aggravated burglary convictions no longer qualified as violent felonies under the Act and that he should be resentenced. While Lee's petition was pending, this court held that Tennessee aggravated burglary did not qualify as a violent felony because Tennessee's statute covers more structures than the Act's enumerated burglary offense covers. *United States v. Stitt*, 860 F.3d 854 (6th Cir. 2017) (en banc). The government then agreed that Lee did not qualify for the career-offender enhancement. The district court granted Lee's § 2255 motion and amended his sentence to time served.

The government appealed and asked that we hold the case in abeyance while it sought the Supreme Court's review in *Stitt*. We agreed to do so. Late last year, the Supreme Court reversed this court's decision in *Stitt*, holding that the structures covered by the Tennessee statute fit within the Act's generic burglary definition. *United States v. Stitt*, 139 S. Ct. 399, 406–08 (2018).

The government asks us to reverse the sentence because the Supreme Court's decision in *Stitt* undermines the basis for the district court's grant of relief. Lee does not—he cannot—dispute that he no longer is eligible for relief based on the structures the Tennessee aggravated burglary statute covers.

Instead, Lee says that those state convictions do not qualify as burglaries under the Act for a different reason, one distinct from the issue in *Stitt*. Lee argues that generic burglary requires entry by an instrument used to commit the intended felony inside. Meanwhile, he adds, Tennessee burglary requires only entry by an instrument used to attempt to break in, making the Tennessee statute overbroad. The district court did not have a chance to consider that argument the first time around, which is the typical (and usually the better) course.

We vacate the district court's decision granting Lee's § 2255 motion and remand for the district court to reconsider the motion.