NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 19a0355n.06

Case Nos. 17-6420/6422

**FILED**
Jul 12, 2019
DEBORAH S. HUNT, Clerk

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| **17-6420** | ) | |
| GERALD EDWIN FARMER, | ) | |
| Petitioner-Appellee, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| Respondent-Appellant. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| | ) | THE MIDDLE DISTRICT OF |
| **17-6422** | ) | TENNESSEE |
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| GERALD EDWIN FARMER, | ) | |
| Defendant-Appellee. | ) | |

BEFORE: GILMAN, SUTTON, and WHITE, Circuit Judges.

SUTTON, Circuit Judge. In 2013, Gerald Farmer pleaded guilty to being a felon in possession of ammunition. *See* 18 U.S.C. § 922(g)(1). Based on three prior Tennessee convictions, the parties stipulated in the plea agreement that Farmer had three prior violent felony

convictions and qualified as an armed career criminal. *See* 18 U.S.C. § 924(e). The district court accepted the agreement and imposed a 210-month sentence.

In *Johnson v. United States*, the Supreme Court held that the residual clause of the Armed Career Criminal Act violates due process. 135 S. Ct. 2551, 2563 (2015). Relying on *Johnson*, Farmer filed this § 2255 motion, arguing that two of his Tennessee convictions, conspiracy to commit aggravated robbery and aggravated assault, no longer qualify as violent felonies under the Act and that he should be resentenced. While his petition was pending, this court held that Tennessee aggravated burglary, Farmer's third prior conviction, did not qualify as a violent felony because Tennessee's statute covers more structures than the Act's enumerated burglary offense covers. *United States v. Stitt*, 860 F.3d 854, 858 (6th Cir. 2017) (en banc). Farmer filed a supplemental brief asserting entitlement to relief on that additional basis. The government agreed that Farmer did not qualify for the sentence enhancement but asked the district court to hold the case in abeyance pending any appeal of *Stitt*. The district court decided not to hold the case in abeyance, granted Farmer's § 2255 motion based on *Stitt*, and amended his sentence to 120 months.

The government appealed and asked that we hold the case in abeyance while it sought the Supreme Court's review in *Stitt*. We agreed to do so. Late last year, the Supreme Court reversed this court's decision in *Stitt*, holding that the structures covered by Tennessee's aggravated burglary statute fit within the Act's generic-burglary definition. *United States v. Stitt*, 139 S. Ct. 399, 406–08 (2018).

The government now asks us to reverse and have the district court reinstate the original sentence because the Supreme Court's decision in *Stitt* undermines the basis for the district court's

grant of relief. Farmer does not (and cannot) dispute that he is no longer eligible for relief based on the structures Tennessee's aggravated-burglary statute covers.

Farmer nonetheless urges us to affirm for two reasons. First, he says that a conviction for conspiracy to commit aggravated robbery does not count as a violent felony under the elements clause because the overt act necessary for a conspiracy need not involve the "use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B)(i). Second, he contends that his aggravated burglary conviction does not qualify as a burglary under the Act for a reason distinct from the issue in *Stitt*. Generic burglary requires "an unlawful or unprivileged entry into, or remaining in, a building or other structure, with intent to commit a crime." *Taylor v. United States*, 495 U.S. 575, 598 (1990). If the only thing that enters a structure is an instrument, Farmer says, then the act counts as generic burglary only if the defendant used the instrument to try to commit the intended felony inside (e.g., sticking a coat hanger through a window to snag an item). Meanwhile, he adds, Tennessee's burglary statute requires only that an instrument enter a structure. In Farmer's view, that makes the Tennessee statute overbroad.

Because the district court had no occasion to consider either argument the first time around, we vacate the district court's decision granting Farmer's § 2255 motion and remand for the district court to consider these arguments.