**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 19a0371n.06

Case Nos. 17-6486/6487

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

<table>
<tr><td>17-6486</td><td>)</td><td rowspan="10" style="vertical-align:top"></td></tr>
<tr><td></td><td>)</td></tr>
<tr><td>MARCUS MANN,</td><td>)</td></tr>
<tr><td style="padding-left:2em">Petitioner-Appellee,</td><td>)</td></tr>
<tr><td></td><td>)</td></tr>
<tr><td>v.</td><td>)</td></tr>
<tr><td></td><td>)</td></tr>
<tr><td>UNITED STATES OF AMERICA,</td><td>)</td></tr>
<tr><td style="padding-left:2em">Respondent-Appellant.</td><td>)</td></tr>
<tr><td></td><td>)</td></tr>
</table>

|  |  |  |
|---|---|---|
| 17-6486 | ) | |
|  | ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE |
| MARCUS MANN, | ) | |
|     Petitioner-Appellee, | ) | |
|  | ) | |
| v. | ) | |
|  | ) | |
| UNITED STATES OF AMERICA, | ) | |
|     Respondent-Appellant. | ) | |
|  | ) | |
| 17-6487 | ) | |
|  | ) | |
| UNITED STATES OF AMERICA, | ) | |
|     Plaintiff-Appellant, | ) | |
|  | ) | |
| v. | ) | |
|  | ) | |
| MARCUS MANN, | ) | |
|     Defendant-Appellee. | ) | |

FILED
Jul 18, 2019
DEBORAH S. HUNT, Clerk

BEFORE: GUY, THAPAR, and NALBANDIAN, Circuit Judges.

PER CURIAM. Marcus Mann pled guilty to possessing a firearm as a convicted felon. *See* 18 U.S.C. § 922(g). Because he already had several prior convictions under Tennessee law (two for aggravated burglary, one for simple burglary, and one for aggravated assault), the district court enhanced Mann's sentence to the fifteen-year minimum under the Armed Career Criminal

Act (ACCA). *See id.* § 924(e)(1). Several years later, Mann challenged his sentence through a motion for post-conviction relief. *See* 28 U.S.C. § 2255. While his § 2255 motion was pending, the en banc Sixth Circuit determined that Tennessee aggravated burglary was not an ACCA predicate. *United States v. Stitt*, 860 F.3d 854, 856 (6th Cir. 2017) (en banc). Relying on *Stitt*, the district court reviewing Mann's § 2255 motion determined that he no longer qualified for an ACCA enhancement and reduced his sentence to ten years. But Mann's victory was short-lived because the government filed a protective appeal, and a few months later the Supreme Court reversed *Stitt*. *United States v. Stitt*, 139 S. Ct. 399, 406–08 (2018).

The Supreme Court's reversal means that our circuit returns to its pre-*Stitt* precedent. *Brumbach v. United States*, Nos. 18-5703/5705, 2019 WL 3024727, at *3, __F.3d__ (6th Cir. July 11, 2019). And under that precedent, Tennessee aggravated burglary is an ACCA predicate. *Id.* (citing *United States v. Nance*, 481 F.3d 882, 888 (6th Cir. 2007)). Thus, although the district court was right to reduce Mann's sentence, the law has changed during this appeal and made Mann's original sentence proper again. Therefore, we VACATE and REMAND with instructions to reinstate the original sentence.