NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 19a0377n.06

Case Nos. 17-6416/6417

# UNITED STATES COURT OF APPEALS
# FOR THE SIXTH CIRCUIT

<table>
<tr><td>

**17-6416**

ELLIS LEE BELL, III,

    Petitioner-Appellee,

v.

UNITED STATES OF AMERICA,

    Respondent-Appellant.

**17-6417**

UNITED STATES OF AMERICA,

    Plaintiff-Appellant,

v.

ELLIS LEE BELL, III,

    Defendant-Appellee.

</td><td>

)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)

</td><td>

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE



**O P I N I O N**

</td></tr>
</table>

FILED
Jul 24, 2019
DEBORAH S. HUNT, Clerk

BEFORE: McKEAGUE, KETHLEDGE, and MURPHY, Circuit Judges.

**McKEAGUE, Circuit Judge.** Ellis Bell, III, was charged in federal court with unlawful possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g). Bell ultimately pled guilty to the charge. The Presentence Investigation Report (PSR) found that Bell had four prior convictions, three for aggravated burglary and one for burglary. Based on this, Bell qualified for an enhancement under the Armed Career Criminal Act (ACCA), which mandates a 15-year minimum sentence if a defendant has three prior convictions which constitute "violent felon[ies]."

18 U.S.C. § 924(e)(1). Bell did not object to the PSR. The district court accepted Bell's plea agreement and imposed a sentence of 180 months.

In 2016, Bell filed a motion to vacate, set aside, or correct his sentence in accordance with 28 U.S.C. § 2255. In light of our decision in *United States v. Stitt*, 860 F.3d 854 (6th Cir. 2017) (en banc), the district court granted Bell's habeas petition and re-sentenced Bell. In 2018, the Supreme Court reversed our holding in *Stitt*. *United States v. Stitt*, 139 S. Ct. 399, 406-07 (2018). The government requests that we remand to the district court to reinstate Bell's original sentence.

This appeal raises the same issues as those we considered in *Brumbach v. United States*, Nos. 18-5703/5705, 2019 WL 3024727 (6th Cir. July 11, 2019). And we find that *Brumbach* controls our decision here. *Id.* at *3.

Accordingly, we reverse the district court's grant of habeas relief, vacate the amended criminal judgment, and remand with instructions to reinstate the original sentence.