NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 19a0527n.06

Case Nos. 17-6340/6343

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Oct 16, 2019
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Petitioner-Appellant, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE EASTERN DISTRICT OF |
| ROBBIE BATEMAN, | ) | TENNESSEE |
| | ) | |
| Respondent-Appellee. | ) | |
| | | OPINION |

BEFORE: BOGGS, BATCHELDER, and DONALD, Circuit Judges.

**BERNICE BOUIE DONALD, Circuit Judge.** Robbie Bateman ("Bateman") pleaded guilty to and was convicted for being a felon in possession of a firearm. Based on Bateman's prior convictions, the Government sought and obtained an enhanced sentence under the Armed Career Criminal Act ("ACCA"). He was sentenced to 188 months' imprisonment. Following the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015) (striking down the ACCA's residual clause), Bateman filed for relief under 28 U.S.C. § 2255, challenging his sentence enhancement. Bateman contended that his seven prior convictions for Tennessee-aggravated burglary no longer qualified as violent felonies under the ACCA. The district court stayed his petition pending the resolution of the same claim before this Court in *United States v. Stitt*. 860 F.3d 854 (6th Cir. 2017) (en banc) [hereinafter *Stitt I*]. In *Stitt I*, we held that Tennessee's

aggravated-burglary statute does not qualify as an enumerated offense under the ACCA. *Id.* at 857. Following *Stitt I*, the district court granted Bateman's petition, vacated his original sentence, and ordered resentencing. The Supreme Court, however, reversed the decision of the en banc court. *United States v. Stitt*, 139 S. Ct. 399, 408 (2018) [hereinafter *Stitt II*]. The government now appeals the district court's granting of Bateman's habeas petition in light of *Stitt II* and seeks reinstatement of Bateman's original sentence.

Bateman advances two grounds opposing reversal. First, Bateman claims that Tennessee's definition of "entry" is broader than the ACCA's, such that it considers attempted burglary as completed burglary. Bateman contends that because an attempted burglary does not qualify as a generic burglary, it does not qualify as a violent felony under the ACCA. Bateman's position has already been before this Court, and we are bound by our prior decisions that a violation of the Tennessee-aggravated burglary statute qualifies as a violent felony. *Brumbach v. United States*, 929 F.3d 791, 795 (6th Cir. 2019); *see United States v. Nance*, 481 F.3d 882, 888 (6th Cir. 2007).

Second, Bateman asserts that the approved evidence available to the government cannot conclusively establish that his predicate offenses under the ACCA were committed on three separate occasions, as required by 18 U.S.C. § 924(e)(1). This argument was not before the district court in Bateman's original petition or supplement to his petition and is raised here for the first time. Ordinarily, "'issues not presented to the district court but raised for the first time on appeal are not properly before the court.'" *Foster v. Barilow*, 6 F.3d 405, 407 (6th Cir. 1993) (quoting *J.C. Wyckoff & Assocs., Inc. v. Standard Fire Ins. Co.*, 936 F.2d 1474, 1488 (6th Cir. 1991)). There are, to be sure, some exceptions, such as when faced with "exceptional cases," "particular circumstances," or times when the rule would produce "a plain miscarriage of justice." *Pinney*

*Dock & Transp. Co. v. Penn Cent. Corp.*, 838 F.2d 1445, 1461 (6th Cir. 1988) (quoting *Hormel v.*

*Helvering*, 312 U.S. 552, 558 (1941)).

Even if Bateman's claim was within the bounds of these narrow exceptions, it nevertheless

fails as untimely. Section 2255(f) places a one-year period of limitations on all § 2255 petitions

for relief, running from the latest of any of the following:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Unlike Bateman's original petition which, by relying on *Johnson*, satisfied

category three, Bateman's new claim that he does not have three qualifying ACCA predicates does

not rely on any newly recognized right. Instead, Bateman bases his assertion on *United States v.*

*King*, 853 F.3d 267 (6th Cir. 2017), where this Court applied the standards approved in *Shepard*

*v. United States*, decided over nine years before his petition. 544 U.S. 13, 26 (2005) (limiting the

class of documents used by a court to determine of what crime and elements a defendant was

convicted).

Because Bateman's claim for relief on these new grounds does not meet any of the

alternative limitations periods,[1] he was required to file it within one year of his conviction

---

[1] Bateman does not offer any reason why his § 2255 petition satisfies the second or fourth one-year limitations categories.

becoming final. 28 U.S.C. § 2255(f)(1). Bateman's conviction became final on February 29, 2012. Bateman's § 2255 motion was not filed until June 18, 2014, over two years after his conviction became final. Therefore, Bateman's alternative argument is untimely.

For the foregoing reasons, we **REVERSE** the district court's grant of habeas relief, and **REMAND** with instructions to reinstate the original sentence.