NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 20a0263n.06

**Case No. 18-5050**

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

FILED
May 11, 2020
DEBORAH S. HUNT, Clerk

|  |  |  |
|---|---|---|
| PHILLIP L. GILLIAM, | ) | |
| | ) | |
| *Petitioner-Appellee*, | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE EASTERN |
| | ) | DISTRICT OF TENNESSEE |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| *Respondent-Appellant*. | ) | O P I N I O N |
| | ) | |

BEFORE:    COLE, Chief Judge; CLAY and NALBANDIAN, Circuit Judges.

COLE, Chief Judge.  In 2012, Phillip Gilliam pleaded guilty to one count of possessing a firearm as a convicted felon in violation of 18 U.S.C. § 922(g).  Based on five prior convictions for aggravated burglary under Tennessee law, the district court deemed Gilliam an armed career criminal under the Armed Career Criminal Act ("ACCA").  This finding relied on then-existing Sixth Circuit precedent, *United States v. Nance*, 481 F.3d 882, 887–88 (6th Cir. 2007), which held that Tennessee aggravated burglary fits the definition of generic burglary, and therefore categorically qualifies as an enumerated "violent felony" under the ACCA.  The district court sentenced Gilliam to the mandatory minimum of 15 years' imprisonment.  *See* 18 U.S.C. § 924(e)(1).

Subsequently, in *United States v. Stitt* (*Stitt I*), 860 F.3d 854, 858–62 (6th Cir. 2017) (en banc), our court, sitting en banc, overruled *Nance*, deciding that Tennessee's aggravated-burglary statute is indivisible and sweeps more broadly than generic burglary because it includes burglary of vehicles used for overnight accommodation. Our holding in *Stitt I* meant that Gilliam's convictions for aggravated burglary under Tennessee law no longer qualified as predicate offenses for purposes of the ACCA. *See id.* at 862. Accordingly, the district court granted Gilliam's motion under 28 U.S.C. § 2255 and vacated his 15-year sentence. On December 15, 2017, the district court resentenced Gilliam to time served and issued an amended judgment. The government filed a timely notice of appeal on January 16, 2018. *See* Fed. R. App. P. 26(a). We then held the appeal in abeyance pending a decision by the Supreme Court on the government's petition for certiorari in *Stitt I*.

The Supreme Court granted certiorari and reversed our decision in *Stitt I*, holding that burglary of vehicles used for overnight accommodation falls within the scope of generic burglary. *United States v. Stitt* (*Stitt II*), 139 S. Ct. 399, 406–08 (2018). Following *Stitt II*, a panel of our court decided that because the Supreme Court reversed the rationale by which we overruled *Nance*, *Nance*'s holding "is once again the law of this circuit." *Brumbach v. United States*, 929 F.3d 791, 794 (6th Cir. 2019), *cert. denied*, 140 S. Ct. 974 (2020). Under *Nance*, Gilliam's prior convictions for aggravated burglary under Tennessee law are predicate offenses, and he once again qualifies as an armed career criminal under the ACCA. *See Nance*, 481 F.3d at 888. In recent cases raising the same issue, we have consistently instructed the district court to reinstate the original sentence. *E.g.*, *Brumbach*, 929 F.3d at 795; *United States v. Bateman*, 780 F. App'x 355, 357 (6th Cir. 2019); *Greer v. United States*, 780 F. App'x 352, 353 (6th Cir. 2019); *United States v. Crutchfield*, 785 F. App'x 321, 324 (6th Cir. 2019); *United States v. Bawgus*, 782 F. App'x 408, 410 (6th Cir. 2019);

*United States v. Hamilton*, 774 F. App'x 283, 283 (6th Cir. 2019) (per curiam); *Bell v. United States*, 773 F. App'x 832, 833 (6th Cir. 2019); *Mann v. United States*, 773 F. App'x 308, 309 (6th Cir. 2019) (per curiam).

Gilliam argues that we nevertheless should affirm his amended sentence—or at minimum remand for further consideration—based on grounds the district court did not have occasion to consider. Even Gilliam acknowledges, however, that binding precedent forecloses these alternative arguments.

First, Gilliam raises an alternative reason as to why aggravated burglary under Tennessee law is broader than generic burglary: the definition of "entry" under Tennessee's aggravated-burglary statute, he argues, is broader than a generic "entry," such that a mere attempted burglary may be treated as a burglary under the Tennessee statute. In *Brumbach*, however, we rejected an identical argument as foreclosed by *Nance*. 929 F.3d at 795. And we have consistently rejected the argument in similar cases since *Brumbach*. *E.g.*, *United States v. Brown*, —F.3d—, No. 18-5356, 2020 WL 1966845, at *3–7 (6th Cir. Apr. 24, 2020) (providing an extended discussion of the entry argument raised here and rejecting it on the merits); *White v. United States*, No. 17-5967/5969, 2020 WL 773056, at *2 (6th Cir. Jan. 21, 2020) (order); *Bearden v. United States*, No. 17-5927, 2019 WL 7882516, at *2 (6th Cir. Nov. 6, 2019) (order); *Bateman*, 780 F. App'x at 356; *Crutchfield*, 785 F. App'x at 324; *Bawgus*, 782 F. App'x at 409. Gilliam provides no reason to conclude that precedent does not bind us here.

Second, Gilliam argues that the government cannot establish that his predicate offenses for ACCA purposes were "committed on occasions different from one another." *See* 18 U.S.C. § 924(e)(1). Specifically, Gilliam contends that a court may not consider non-elemental facts when conducting a different-occasions analysis, and time and location are not elements of

aggravated burglary in Tennessee. This argument is foreclosed by our decision in *United States v. Hennessee*, 932 F.3d 437 (6th Cir. 2019), *cert. denied*, 140 S. Ct. 896 (2020). In *Hennessee*, we held that there is no elemental-facts-only limitation in the different-occasions analysis, and therefore, "a district court may consider both elemental and non-elemental facts contained in *Shepard*-approved documents" when conducting a different-occasions analysis. *Id.* at 444. The *Shepard*-approved documents here show that Gilliam committed at least three burglaries on three separate occasions.[1]

We therefore vacate Gilliam's amended sentence and remand with instructions for the district court to reinstate his original sentence.

---

[1] Gilliam filed a motion to take judicial notice of certain state court documents and pattern jury instructions. Federal Rule of Evidence 201 allows us to take judicial notice of facts that are "not subject to reasonable dispute," including facts contained within *Shepard* documents. *See* Fed. R. Evid. 201(b); *see also United States v. Ferguson*, 681 F.3d 826, 834 (6th Cir. 2012). We grant in part Gilliam's motion to take judicial notice, taking notice of the *Shepard* documents' description of dates on which Gilliam committed his prior offenses. We otherwise deny the motion.