**NOT RECOMMENDED FOR PUBLICATION**

File Name: 20a0259n.06

**Case No. 17-6544**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**

May 07, 2020

DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| CHARLES DENNIS KITTS, | ) | |
| | ) | |
| *Petitioner-Appellee*, | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE EASTERN |
| | ) | DISTRICT OF TENNESSEE |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| *Respondent-Appellant*. | ) | O P I N I O N |

BEFORE:    COLE, Chief Judge; BATCHELDER and STRANCH, Circuit Judges.

COLE, Chief Judge.   Charles Dennis Kitts was sentenced in 2012 as a career offender under the Armed Career Criminal Act ("ACCA").   In 2017, the district court reduced his sentence to time served under 28 U.S.C. § 2255, determining that he no longer qualified as a career offender under a Sixth Circuit decision that has since been overruled.   We reverse and remand for further proceedings.

I.

On December 8, 2011, a jury convicted Kitts of one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).   The district court found that Kitts was subject to a mandatory minimum sentence of fifteen years because he qualified as a career offender under the ACCA, 18 U.S.C. § 924(e)(1), and on May 21, 2012, the court sentenced Kitts to 262 months' imprisonment followed by five years of supervised release.   The Sixth Circuit affirmed.

Kitts then filed a motion in the district court to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, arguing in relevant part that he was not a career offender under the ACCA. A defendant is a career offender if he has "three previous convictions . . . for a violent felony . . . committed on occasions different from one another." 18 U.S.C. § 924(e)(1). The term "violent felony" includes the generic crime of "burglary." *Id.* § 924(e)(2)(B)(ii). The Supreme Court has defined generic burglary as "an unlawful or unprivileged entry into, or remaining in, a building or other structure, with intent to commit a crime." *Taylor v. United States*, 495 U.S. 575, 598 (1990). In assessing whether a state crime qualifies as generic burglary under the ACCA, courts utilize the categorical approach. "[A] state crime cannot qualify as an ACCA predicate if its elements are broader than those of [the] . . . generic offense." *Mathis v. United States*, 136 S. Ct. 2243, 2251 (2016).

The district court initially denied Kitts's § 2255 motion on May 31, 2017, determining that Kitts had the requisite three predicate offenses. In particular, the court found that Kitts had five prior Tennessee burglary convictions: three second-degree burglary convictions (two from 1982 and one from 1984) and two aggravated burglary convictions (from 1992 and 1997). The court did not need to address whether aggravated burglary qualified as a predicate offense under the ACCA and instead focused on the second-degree burglary convictions. The court determined that Tennessee second-degree burglary categorically aligned with the ACCA's generic burglary under *United States v. Jones*, 673 F.3d 497, 505 (6th Cir. 2012), and thus it denied Kitts's challenge to his designation as a career offender.

Kitts then filed a motion for reconsideration, pointing out that the court had erred in counting the number of second-degree burglary convictions he had. In particular, although Kitts had been charged three times with second-degree burglary, he was found not guilty in 1982 on one

of the charges. As a result, he only had two prior convictions for Tennessee second-degree burglary. Moreover, Kitts's two convictions for Tennessee aggravated burglary no longer qualified as predicate offenses under the Sixth Circuit's recent decision in *United States v. Stitt* (*Stitt I*), 860 F.3d 854, 856 (6th Cir. 2017) (en banc), which deemed Tennessee aggravated burglary broader than generic burglary. The district court, now unable to find three qualifying predicate offenses, agreed that Kitts's § 2255 motion had merit because Kitts was "no longer an armed career criminal under the ACCA." (Op. re Mot. for Recons., R. 119, PageID 613.) The government did not dispute that *Stitt I* governed, but "maintain[ed] that *Stitt* was wrongly decided," and thus indicated in its opposition to Kitts's motion for reconsideration that it "preserve[d] the issue for further review should *Stitt* be undermined or overruled by subsequent authorities." (Gov't Opp'n to Mot. for Recons., R. 113, PageID 587.)

The district court entered an order reducing Kitts's custodial sentence to time served and reducing his term of supervised release to three years. The government filed a notice of appeal on December 27, 2017. Briefing in the appeal was held in abeyance pending the Supreme Court's decision in *Stitt*, which was ultimately issued on December 10, 2018. *See United States v. Stitt* (*Stitt II*), 139 S. Ct. 399 (2018). In *Stitt II*, the Supreme Court reversed the Sixth Circuit's decision in *Stitt I*. *Id.* at 408.

The Sixth Circuit had reasoned in *Stitt I* that Tennessee aggravated burglary was broader than generic burglary because Tennessee aggravated burglary included burglary of structures such as "mobile homes, trailers, and tents," as well as any "self-propelled vehicle that is designed or adapted for the overnight accommodation of persons and is actually occupied at the time of initial entry by the defendant," Tenn. Code Ann. §§ 39-14-403, 39-14-401(1), while generic burglary did not include burglary of "vehicles and movable enclosures." *Stitt I*, 860 F.3d at 857. In so

holding, the en banc Sixth Circuit overruled its prior decision in *United States v. Nance*, 481 F.3d 882, 888 (6th Cir. 2007), which had found that "aggravated burglary in Tennessee clearly comports with [the] definition of a generic burglary" under the ACCA.

In *Stitt II,* the Supreme Court rejected the Sixth Circuit's reasoning in *Stitt I*, holding that "the statutory term 'burglary'" under the ACCA "includes burglary of a structure or vehicle that has been adapted or is customarily used for overnight accommodation." *Stitt II*, 139 S. Ct. at 403–04. In light of *Stitt II*, the Sixth Circuit has proclaimed that "*Nance*'s holding . . . is once again the law of this circuit." *Brumbach v. United States*, 929 F.3d 791, 794 (6th Cir. 2019), *cert. denied* 140 S. Ct. 974 (2020). In *Brumbach*, the court reversed the district court's grant of § 2255 relief that had been based on *Stitt I* and remanded for reinstatement of Brumbach's original sentence. *Id.* at 792. The government now asks that we also remand for reinstatement of Kitts's original sentence.

## II.

Recognizing that *Stitt I* has been overruled, Kitts offers several reasons why his original sentence should, nonetheless, not be reinstated. In particular, he challenges whether his offenses were committed on different occasions under 18 U.S.C. § 924(e)(1), as well as whether his Tennessee aggravated and second-degree burglary convictions are predicate offenses under the ACCA. We address each argument in turn.

First, Kitts argues that elemental facts in *Shepard*-approved documents do not prove that he committed these offenses on different occasions, but he concedes that this argument is foreclosed by *United States v. Hennessee*, 932 F.3d 437 (6th Cir. 2019), *cert. denied*, 140 S. Ct. 896 (2020). In conducting a different-occasions analysis, we are not required to restrict our review to the elements of his underlying crimes. *Id.* at 439. Review of non-elemental facts in *Shepard*-

approved documents shows that Kitts's burglaries were committed on different occasions, years apart from each other.

Next, Kitts asserts that Tennessee aggravated burglary does not, in fact, qualify as generic burglary under the ACCA, relying on arguments not directly addressed in *Stitt II*. He argues that 1) Tennessee aggravated burglary's entry element is broader than generic burglary's because it permits conviction upon the use of an instrument for attempted entry, and 2) one version of Tennessee aggravated burglary allows for conviction with a mens rea of recklessness rather than intent. *Brumbach* already rejected Kitts's first argument, as did the court's recent decision in *Brown*. *See Brumbach*, 929 F.3d at 795; *United States v. Brown*, No. 18-5356, 2020 WL 1966845, at *7 (6th Cir. Apr. 24, 2020).[1]

Kitts's other argument is premised on the notion that one iteration of Tennessee aggravated burglary, Tenn. Code Ann. § 39-14-402(a)(3), does not expressly require a mens rea of intent, while in contrast the Supreme Court has defined generic burglary as requiring "intent to commit a crime," *Taylor*, 495 U.S. at 598. However, Tennessee's aggravated burglary statute is divisible, and *Shepard* documents tell us that Kitts's 1992 aggravated burglary conviction was not based on that version of aggravated burglary but was instead under a different version, Tenn. Code Ann. § 39-14-402(a)(1), which does expressly require intent. Thus, Kitts's 1992 aggravated burglary conviction qualifies as a predicate offense under the ACCA. *See Brown*, 2020 WL 1966845, at *7 (rejecting the same recklessness-based challenge Kitts makes here where *Shepard* documents showed that the defendant had been convicted under § 39-14-402(a)(1)).

---

[1] *Brown* analyzed this attempted-entry question at length before rejecting it on its merits. *See Brown*, 2020 WL 1966845, at *3–7. Relying on *Brown*'s reasoning, we also reject Kitts's parallel argument that the entry element of Tennessee second-degree burglary is overbroad because it allows for the use of an instrument for attempted entry.

For his 1997 aggravated burglary conviction, *Shepard* documents do not indicate the version of aggravated burglary under which Kitts was convicted. We need not, however, decide the predicate-offense status of Kitts's 1997 conviction given Kitts's second-degree burglary convictions. Given that his 1992 aggravated burglary conviction is a predicate offense, if his two second-degree burglary convictions also qualify as ACCA predicates, he is a career offender regardless of the 1997 aggravated burglary conviction. If, alternatively, the second-degree burglary convictions do not qualify, then he is not a career offender—as he would not have three qualifying predicate offenses, regardless of his 1997 conviction.

Thus, whether Kitts's original sentence should be reinstated turns on whether Tennessee second-degree burglary, as defined at the time relevant to Kitts's convictions, qualifies as a predicate offense. The same statutory definition of second-degree burglary governed both convictions. In particular, Tennessee defined second-degree burglary as "the breaking and entering into a dwelling house, or any other house, building, room or rooms therein used and occupied by a person or persons as a dwelling place or lodging . . . by day, with the intent to commit a felony." Tenn. Code Ann. § 39-903 (1973); *accord* Tenn. Code Ann. § 39-3-403 (1982) (repealed 1989).

Kitts argues that second-degree burglary no longer qualifies as a predicate offense under *Cradler v. United States*, 891 F.3d 659 (6th Cir. 2018), a case that was issued while this appeal was pending. In *Cradler*, we analyzed a Tennessee third-degree burglary statute that stated, "Burglary in the third degree is the breaking and entering into a business house, outhouse, or any other house of another, other than a dwelling house, with the intent to commit a felony." *Id.* at 668 (quoting Tenn. Code Ann. § 39-904 (1973) (amended and renumbered)). *Cradler* held that this version of third-degree burglary was broader than generic burglary because "[w]hile the first

element of the generic definition only encompasses the unlawful entry into or remaining in a building," Tennessee caselaw had interpreted the third-degree burglary statute's first element, "breaking and entering," as "also encompass[ing] conduct undertaken when someone is lawfully inside a building." *Id.* at 671.

Kitts argues that this exact flaw exists in regard to the second-degree burglary statute, citing to Tennessee caselaw and pattern jury instructions in support. The first element of the Tennessee second-degree burglary statute is also "breaking and entering," just like the third-degree burglary statute at issue in *Cradler*, and thus the question is whether Tennessee law interpreted the provision in both statutes similarly. *See id.* at 669 (explaining that under the categorical approach "courts must consult the pronouncements of the state's highest court to determine the full range of conduct that is encompassed by each statutory element"). Kitts asserts that Tennessee law interpreted both provisions in the same overbroad way, and thus his second-degree burglary convictions no longer qualify as predicate offenses in light of *Cradler*. In response, the government cites to the 2012 case relied on by the district court, *Jones*, 673 F.3d at 505, in arguing that the Sixth Circuit already concluded that pre-1989 Tennessee second-degree burglary qualifies as generic burglary.

But *Jones* does not touch upon Kitts's argument. In *Jones*, the court's specific holding was that the locational element of pre-1989 second-degree burglary was not overbroad because it "applied only to dwellings and occupied buildings," not "motor vehicles and boats." *Id*. The *Jones* court did find that the defendant's second-degree burglary conviction qualified as a predicate offense under the ACCA, but only because it *assumed* that Tennessee defined its first element, breaking and entering, in conformance with generic burglary. *See id.* Assumptions are not holdings that bind future panels. *See Wright v. Spaulding*, 939 F.3d 695, 704 (6th Cir. 2019) (rejecting the notion that "binding precedent" results "out of a court's simple acquiescence in the

parties' concessions and assumptions"); *Rinard v. Luoma*, 440 F.3d 361, 363 (6th Cir. 2006) ("[Q]uestions which merely lurk in the record, neither brought to the attention of the court nor ruled upon, are not to be considered as having been so decided as to constitute precedents.") (quoting *Nemir v. Mitsubishi Motors Corp.*, 381 F.3d 540, 559 (6th Cir. 2004)).

Moreover, the government's reading of *Jones* would produce nonsensical results if Kitts's argument is correct that second-degree burglary contains the same element found to be overbroad in *Cradler*. That is, *if* Kitts's assertion is true that the same interpretation of the first element, breaking and entering, applied to both offenses under state law, it would defy logic to read this court's precedents as dictating that the version of third-degree burglary addressed in *Cradler* is not a predicate offense but second-degree burglary somehow still is, despite the second-degree burglary statute containing the same overbroad element. *See, e.g.*, *United States v. Mitchell*, 905 F.3d 991, 993 (6th Cir. 2018) (holding that while *Cradler* examined a 1973 version of Tennessee third-degree burglary, it necessarily meant a 1982 version of third-degree burglary was not a predicate offense because these offenses contained "nearly-identical" provisions).

In sum, we think *Cradler*'s impact on whether Kitts's second-degree burglary convictions qualify as predicate offenses requires further examination, and this question must be addressed before it can be determined whether Kitts is subject to the ACCA's mandatory minimum. The district court did not have the opportunity to consider *Cradler*, and we are not generally a court of first review. Thus, we ask the district court to consider on remand whether Tennessee second-degree burglary, as interpreted by Tennessee law, suffers from the same overbreadth that was found in *Cradler*, and in turn whether Kitts's second-degree burglary convictions qualify as predicate offenses under the ACCA. *See, e.g.*, *Dillard v. United States*, 768 F. App'x 480, 481, 487–88 (6th Cir. 2019) (reversing a grant of § 2255 relief that had been based on an overruled

decision while remanding for further proceedings to allow the district court to consider certain other arguments in the first instance); *Farmer v. United States*, 773 F. App'x 302, 303 (6th Cir. 2019) (same).

For the foregoing reasons, we grant the parties' motions for the court to take judicial notice of facts contained in *Shepard* documents, we reverse the district court's order granting relief under 28 U.S.C. § 2255, and we remand for further proceedings consistent with this opinion.